IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

KASHEEM NUNNALLY,

    Petitioner,

v.                                                                           Civil Action No. **3:15CV327**

HAROLD CLARKE,

    Respondent.

## MEMORANDUM OPINION

Kasheem Nunnally, a Virginia state prisoner proceeding *pro se*, brings this petition pursuant to 28 U.S.C. § 2254 (hereinafter, "§ 2254 Petition," ECF No. 1) challenging his convictions in the Circuit Court of the City of Hampton ("Circuit Court") for carjacking, three counts of robbery and four counts of use of a firearm in the commission of a felony. Respondent moves to dismiss on the ground that, *inter alia*, the one-year statute of limitations governing federal habeas petitions bars the § 2254 Petition. For the reasons set forth below, the Motion to Dismiss (ECF No. 11) will be GRANTED.

## I. PERTINENT PROCEDURAL HISTORY

Following his convictions in the Circuit Court, Nunnally appealed. On November 9, 2012, the Supreme Court of Virginia refused Nunnally's petition for appeal. *Nunnally v. Commonwealth*, No. 121147, at 1 (Va. Nov. 9, 2012).

On November 12, 2013, Nunnally filed a petition for a writ of habeas corpus in the Circuit Court. Petition for Writ of Habeas Corpus at 1, *Nunnally v. Clarke*, No. CL13-2837 (Va. Cir. Ct. filed Nov. 12, 2013). On December 4, 2014, the Circuit Court denied the petition. *Nunnally v. Clarke*, No. CL13-2837 (Va. Cir. Ct. Dec. 4, 2014). On December 22, 2014, Nunnally filed a notice of appeal with the Circuit Court. Notice of Appeal, at 1, *Nunnally v.*

*Clarke*, No. CL13-2837 (Va. Cir. Ct. filed Dec. 22, 2014). However, because Nunnally failed to file a petition for appeal in a timely manner, on April 28, 2015, the Supreme Court of Virginia returned the record to the Circuit Court. Letter at 1, *Nunnally v. Clarke*, No. CL13-2837 (Va. Cir. Ct. filed Apr. 29, 2015).

On or about May 15, 2015, Nunnally filed his § 2254 Petition with this Court.[1] (ECF No. 2, at 2.) In his § 2254 Petition, Nunnally asserts the following claims for relief:

Claim One    The evidence was insufficient to support Nunnally convictions. (Mem. Supp. § 2254 Pet. 2, ECF No. 1-1.)

Claim Two    Nunnally's rights under *Miranda v. Arizona*, 383 U.S. 903 (1966), were violated when the police failed to honor his request for a lawyer and cease his interrogation. (*Id.* at 8-12.)

## II. ANALYSIS

### A. Statute of Limitations

Respondent contends that the federal statute of limitations bars Nunnally's claims. Section 101 of the Antiterrorism and Effective Death Penalty Act ("AEDPA") amended 28 U.S.C. § 2244 to establish a one-year period of limitation for the filing of a petition for a writ of habeas corpus by a person in custody pursuant to the judgment of a state court. Specifically, 28 U.S.C. § 2244(d) now reads:

1. A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
   (A)    the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
   (B)    the date on which the impediment to filing an application created by State action in violation of the Constitution or

---

[1] This is the date that the notary indicated that Nunnally signed the *in forma pauperis* affidavit that accompanied his § 2254 Petition. The Court assumes Nunnally mailed the *in forma pauperis* affidavit and § 2254 Petition this day, and the Court deems this the filed date. *See Houston v. Lack*, 487 U.S. 266, 276 (1988).

2

> laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> **(C)** the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> **(D)** the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> **2.** The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

**B.    Commencement and Running of the Statute of Limitations**

The Supreme Court of Virginia denied Nunnally's direct appeal on November 9, 2012. Nunnally's convictions became final on Thursday, February 7, 2013, when the time to file a petition for a writ of certiorari expired. *Hill v. Braxton*, 277 F.3d 701, 704 (4th Cir. 2002) ("[T]he one-year limitation period begins running when direct review of the state conviction is completed or when the time for seeking direct review has expired . . . ." (citing 28 U.S.C. § 2244(d)(1)(A))); Sup. Ct. R. 13(1) (requiring that a petition for certiorari should be filed within ninety days of entry of judgment by the state court of last resort or of the order denying discretionary review). The limitation period began to run on February 8, 2013, and continued to run for 277 days until Nunnally filed his state petition for a writ of habeas corpus on November 12, 2013. *See* 28 U.S.C. § 2244(d)(2).

**C.    Statutory Tolling**

The limitation period remained tolled until December 4, 2014, while Nunnally's state petition for a writ of habeas corpus was pending before the Circuit Court. The limitation period began to run again on December 5, 2014, and ran for an additional 161 days before Nunnally

3

filed his § 2254 Petition with this Court on May 15, 2015.[2] Because the limitation period ran for a total of 438 days, the action is barred by the statute of limitation unless Nunnally demonstrates entitlement to a belated commencement of the limitation period under 28 U.S.C § 2244(d)(1)(B)-(D) or some equitable exception to the limitation period. He does not.

Instead, Nunnally cites *Martinez v. Ryan*, 132 S. Ct. 1309 (2012) and contends that his § 2254 Petition is timely because he "was never provided an attorney to represent him by the courts for his claims of ineffective assistance of counsel on his petition for writ of habeas corpus." (§ 2254 Pet. 14 (capitalization corrected).) The decision in *Martinez* "relates to excusing a procedural default of ineffective-trial-counsel claims in an initial § 2254 petition . . . ." *Lambrix v. Sec'y, Fla. Dep't Corr.*, 756 F.3d 1246, 1260 (11th Cir. 2014) (emphasis omitted). "The decision in *Martinez* fails to provide any basis for avoiding the statute of limitations set forth in 28 U.S.C. § 2244(d)." *Ward v. Clarke*, No. 3:14CV11-HEH, 2014 WL 5795691, at *3 (E.D. Va. Nov. 6, 2014) (citing *Lambrix*, 756 F.3d at 1262).

### III. CONCLUSION

For the foregoing reasons, Respondent's Motion to Dismiss (ECF No. 11) will be GRANTED. Nunnally's claims will be DISMISSED, and his § 2254 Petition will be DENIED. The action will be DISMISSED. The Court will deny a certificate of appealability.

An appropriate Final Order shall issue.

/s/
Roderick C. Young
United States Magistrate Judge

Date: June _1_, 2016
Richmond, Virginia

---

[2] Nunnally lacks entitlement to statutory tolling for the period during which he pursued his collateral appeal from the dismissal of his first state habeas petition because Nunnally's appeal was not properly filed because he failed to file a petition for appeal in a timely manner. *See Escalante v. Watson*, 488 F. App'x 694, 698-99 (4th Cir. 2012) (refusing to toll the time during which a defective appeal was pending before the Supreme Court of Virginia); *Abdullah v. Clarke*, No. 3:14CV105, 2014 WL 6460235, at *3 (E.D. Va. 2014) (citations omitted).

4